# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 14, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RANDALL FORD,**
**Claimant Below, Petitioner**

**vs.)    No. 14-1049** (BOR Appeal No. 2049471)
(Claim No. 2014004270)

**CONSOLIDATION COAL COMPANY/ MORGANTOWN OPERATIONS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Randall Ford, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Consolidation Coal Company/ Morgantown Operations, by Gary W. Nickerson and James W. Heslep, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 16, 2014, in which the Board reversed and vacated a May 9, 2014, Order of the Workers' Compensation Office of Judges and reinstated the claims administrator's September 24, 2013, and September 18, 2013, decisions denying Mr. Ford's request for an MRI and rejecting his application for workers' compensation benefits. In its Order, the Office of Judges reversed the claims administrator's decision, held the claim compensable for a right knee sprain, and authorized the requested MRI. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Ford worked as an underground miner for Consolidation Coal Company. On July 14, 2013, Mr. Ford sought treatment for his right leg at Fairmont General Hospital. He complained of right knee pain which started when he twisted his knee walking down a hill at his home. He was diagnosed with a right knee sprain. Mr. Ford also requested off work for the next two days.

1

On August 9, 2013, Mr. Ford applied for workers' compensation benefits related to a right knee injury that occurred on August 2, 2013. The claims administrator, however, requested that Mr. Ford provide additional information to support his claim. The next day, Mr. Ford sought treatment at the United Hospital Center Emergency Room. He claimed that he had twisted his right knee at work the week before. X-rays taken at the time were negative, and he was diagnosed with a knee sprain. Mr. Ford submitted a second report of injury based on the diagnosis provided by the emergency room. He reported that he had injured his right knee when he tripped over a rail in the mines. Mr. Ford was also treated by Joseph Fazalare, M.D. He reported to Dr. Fazalare that he heard a pop when he twisted his knee. He also reported that he had pain and his knee felt unstable since that time. X-rays taken at the time showed no fracture, dislocation, or degenerative change. Dr. Fazalare requested authorization for an MRI of the right knee because he suspected that Mr. Ford had a tear of the anterior cruciate or medial meniscus ligament of the right knee. On September 18, 2013, the claims administrator rejected Mr. Ford's application for workers' compensation benefits. The rejection was based on the fact that Mr. Ford had recently suffered a non-work-related motor vehicle accident and his current condition was based on this non-compensable injury. The claims administrator found that he had not suffered an injury at work. On September 24, 2013, the claims administrator also rejected Dr. Fazalare's request for a right knee MRI.

Following these decisions, Mr. Ford testified by deposition that the injury on August 2, 2013, occurred while he was driving a motorized wheelbarrow along a track. The wheelbarrow hit something causing him to trip on a loose track and fall forward. He testified that the pain was excruciating and it took him fifteen to twenty minutes before he was able to stand up. He also testified that a co-worker, Judy Williams, witnessed the accident. Mr. Ford further testified that he received treatment for his leg three days later at the Manchin Clinic, but the clinic billed his private insurance instead of reporting the injury as a workers' compensation claim because the clinic did not take workers' compensation patients. Mr. Ford also testified that the motor vehicle accident that occurred in July of 2013 was not significant. He stated that his vehicle had run into steel pipes causing him to strike his left leg on the window crank. He claimed that he did not seek medical attention for the injury because it merely caused a bruise on his left thigh. Mr. Ford denied that he had suffered any prior right knee injuries or that he had any pre-existing problems with his right knee. Mr. Ford then returned interrogatories to Consolidation Coal Company in which he denied having any prior right knee problems. On May 9, 2014, the Office of Judges reversed the claims administrator's September 18, 2013, and September 24, 2013, decisions. The Office of Judges held the claim compensable for a right knee sprain and granted authorization for a right knee MRI. The Board of Review, however, reversed and vacated the Office of Judges' Order on September 16, 2014. The Board of Review reinstated both claims administrator decisions, leading Mr. Ford to appeal.

The Office of Judges concluded that Mr. Ford suffered a compensable right knee sprain on August 2, 2013. It also concluded that a right knee MRI was reasonable and necessary to determine if he had suffered a more serious knee injury. The Office of Judges found that Mr. Ford had presented reasonable evidence that he sustained a work-related right knee injury. The Office of Judges relied heavily on Mr. Ford's deposition testimony and determined that his

explanation of his prior motor vehicle accident indicated that he did not suffer a right knee injury during the incident. The Office of Judges also found that the knee injury Mr. Ford suffered in July of 2013 did not appear to be serious considering he did not follow up with treatment after July 14, 2013.

The Board of Review reversed the Office of Judges' Order because it concluded that the Order's analysis and conclusions were clearly wrong in view of the reliable, probative, and substantial evidence in the whole record. The Board of Review found that Mr. Ford failed to disclose and admit that he suffered a prior injury to his right knee in July of 2013. The Board of Review noted that he denied having suffered a right knee injury during his deposition and in answering interrogatories submitted to him by Consolidation Coal Company. The Board of Review found that the medical records from Fairmont General Hospital on July 14, 2013, directly contradict Mr. Ford's deposition testimony and his interrogatory answers. It determined that these contradictions adversely affected Mr. Ford's credibility.

We agree with the conclusions of the Board of Review. Mr. Ford has not submitted adequate credible evidence to demonstrate that he suffered a compensable injury in the course of and resulting from his employment. Mr. Ford's request for workers' compensation benefits is entirely based on his own account of the injury. It is apparent that even Dr. Fazalare drew his conclusion about the cause of the injury from Mr. Ford's account. Mr. Ford's credibility, however, is highly questionable, and without additional corroborating evidence, his testimony and report of injury cannot be used to support his application for benefits. Even though the injury was sufficiently significant to require medical treatment on July 14, 2013, Mr. Ford denied on two separate occasions that he had suffered a right knee injury less than a month before the alleged work-related injury. His denials are directly contrary to the medical evidence in the record. Mr. Ford has alleged that his injury was witnessed by a co-worker, but no statements from this co-worker have been submitted into evidence in support of Mr. Ford's complaints. Because Mr. Ford has not shown that he suffered a compensable injury, the requested MRI of the right knee should not be authorized.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   October 14, 2015**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Margaret L. Workman
Justice Menis E. Ketchum